UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA<br><br>VERSUS<br><br>MAGELLAN TERMINALS HOLDINGS, LP | CIVIL ACTION<br><br>NO.<br><br>JUDGE |

## COMPLAINT FOR DECLARATORY JUDGMENT

This Complaint for Declaratory Judgment is filed by National Union Fire Insurance Company of Pittsburgh, Pennsylvania ("National Union") against Magellan Terminals Holdings, LP ("Magellan").

### PARTIES

1.

Complainant, National Union is an insurer organized under the laws of Pennsylvania with its principal place of business in New York.

2.

Defendant, Magellan Terminals Holdings, LP is a limited partnership organized under the laws of Oklahoma with its principal place of business in Oklahoma.

### JURISDICTION AND VENUE

3.

This Court has jurisdiction over this claim because the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, allows the District Court to award declaratory relief when an independent basis for jurisdiction exists.

4.

This Court has jurisdiction under 28 U.S.C. §1332, diversity of the citizenship of the parties, inasmuch as all parties are residents of different states and have their principle places of business in different states and the amount in controversy exceeds $75,000.

5.

This Court also has supplemental jurisdiction over the claims raised in this Complaint because the underlying case causing the controversy is pending in this Court styled, "*In the Matter of the Complaint of Seatrout GMBH & Co. KG, and German Tanker Shipping GMBH as owners and/or owners Pro Hac Vice of the M/T SEATROUT for Exoneration from and/or Limitation of Liability,*" Case No. H-08-3715 (hereinafter, "*SEATROUT Limitation*").

## ACTUAL CASE OR CONTROVERSY

6.

This claim for declaratory relief contained in this Complaint meets the requirement that an actual case or controversy exist because Magellan called upon National Union to defend and/or indemnify Magellan in the *SEATROUT Limitation* and related litigation, and will call upon National Union to satisfy any judgment rendered against Magellan if this Court does not grant this Complaint for Declaratory Relief in favor of National Union.

## ALLEGATIONS

7.

National Union issued a Commercial Marine Liability & Wharfinger's Legal Liability Policy bearing policy number 01331 ("primary policy") to Houston Mooring Company, Inc. ("Houston Mooring") providing certain coverages as outlined in that policy, which is the best evidence of its terms and conditions, and which National Union attaches and specifically incorporates by reference into this Complaint as Exhibit "A."

8.

National Union also issued to Houston Mooring a Bumbershoot Liability policy bearing policy number 01332 ("bumbershoot policy") providing certain coverages as outlined in that policy, which is the best evidence of its terms and conditions, and which National Union attaches and specifically incorporates by reference into this Complaint as Exhibit "B."

9.

Defendant, Magellan was sued by Kody Carl in the *SEATROUT Limitation* and in state court in Harris County, in an action styled, "*Cody Karl v. Magellan Midstream Partners, LP, et al,*" bearing Case No. 2008-74209, for injuries that allegedly arose while Mr. Karl was assisting mooring the M/T SEATROUT to a wire pendent affixed to Magellan's dock located at its Terminal in Galena Park, Texas.

10.

Upon information and belief, on or about 1 June 2000 (the date of Mr. Karl's accident), Houston Mooring employed Mr. Karl as a lineman.

11.

Upon information and belief, at the time of his accident, Mr. Karl was working from a boat in the Houston Ship Channel and had not accessed Magellan's Terminal.

12.

On 20 February 2003, Houston Mooring entered into a Contractor Access Agreement (the "Access Agreement") with Williams Terminals Holdings, LP ("Williams"), which National Union attaches and specifically incorporates by reference into this Complaint as Exhibit "C."

3

13.

The Access Agreement contains various indemnity and insurance provisions between Houston Mooring and Williams in respect to Williams granting Houston Mooring's personnel access to its Galena Park Terminal.

14.

Upon information and belief, Houston Mooring and Williams entered into the Access Agreement after a Houston Mooring employee had sustained an injury while physically within Williams's Galena Park Terminal.

15.

After Houston Mooring and Williams entered into the Access Agreement, Williams claims to have undergone a change of name to Magellan Terminals Holdings, LP and a change of ownership.

16.

Subsequent to entering into the Access Agreement between Houston Mooring and Williams, Magellan erected a fence around its Galena Park Terminal owing to the heightened security requirements imposed by the Marine Transportation Security Act of 2002, thereby restricting access to the Galena Park Terminal.

17.

After erecting the fence Magellan began affirmatively denying Houston Mooring-personnel access to its Galena Park Terminal.

18.

As a result, Magellan refused Houston Mooring-personnel access to its Terminal and required Houston Mooring-personnel to conduct mooring operations exclusively from the Houston Ship Channel.

19.

The additional insured protection in favor of Williams in the Access Agreement is limited in scope to the liabilities assumed by Houston Mooring under the terms of the Access Agreement.

20.

Neither the SEATROUT Limitation nor Mr. Karl's personal injury lawsuit arise out of Houston Mooring's access to the Galena Park Terminal within the interpretation of the Access Agreement.

21.

Further, the Access Agreement contains an Anti-Assignment provision.

22.

After Williams and Houston Mooring entered into the Access Agreement, Williams underwent a change of ownership which constitutes an assignment of its rights under the Access Agreement to Magellan. As a result, Magellan has no right to enforce the contractual indemnity and additional insured provisions of the Access Agreement.

23.

In the alternative Magellan, a separate and distinct entity from Williams, has no right to enforce the contractual indemnity and additional insured obligations of Houston Mooring in favor of Williams in the Access Agreement.

**DECLARATORY JUDGMENT**

24.

The allegations contained in paragraphs 1-23 are specifically incorporated by reference.

25.

The additional insured protection in favor of Williams, as required and restricted by the Access Agreement, does not extend to Magellan's liabilities for claims unrelated to access by Houston Mooring-personnel to its Galena Park Terminal.

26.

Pursuant to the Declaratory Judgment Act, 28 U.S.C. §§2201-2202, National Union seeks a judicial declaration of its rights and duties as to Magellan, if any, under the primary and bumbershoot liability policies in connection with Magellan's potential liability for Mr. Karl's alleged injuries. By making such a declaration, the Court will confer certainty on the parties with respect to their rights and obligations under the policies; and, therefore, will serve the interests of justice.

27.

National Union seeks the following declarations:

A. The indemnity and additional insured obligations in the Access Agreement between Houston Mooring and Williams do not extend to the liabilities that Magellan has incurred and will incur in respect to Cody Karl's accident. For such liabilities, Magellan is not entitled to coverage under any of the policies nor contractual indemnity from Houston Mooring.

B. In the alternative, Williams's change of ownership after entering into the Access Agreement constituted an assignment of its rights, thereby voiding the indemnity and additional insured requirements under the Access Agreement.

C. By virtue of the change of ownership of the Galena Park Terminal to Magellan, Magellan has no contractual right to enforce the indemnity and additional insured obligations of the Access Agreement.

28.

In the event this Court disagrees and finds Magellan's additional insured status could extend to Magellan's liabilities arising from Cody Karl's accident (which is denied), National Union pleads all other conditions, terms, limitations, definitions and exclusions of those policies which may be found to be applicable, and National Union reserves the right to amend this Complaint for Declaratory Judgment as additional and more specific information becomes available.

29.

National Union requests recovery of their attorneys' fees and costs under Chapter 38 and Section 37.009 of the Texas Civil Practice and Remedies Code, and 28 U.S.C. §2202.

## PRAYER

National Union prays for Declaratory Judgment in its favor confirming that Magellan is not afforded additional insured coverage from National Union or contractual indemnity from Houston Mooring in connection with Magellan's liability for Cody Karl's alleged injuries, and further prays for all such other and further relief as equity and the justice of this cause may require and permit.

Respectfully submitted, this 3rd day of June, 2010.

DAIGLE FISSE & KESSENICH, PLC

BY: s/J. Fredrick Kessenich
J. FREDRICK KESSENICH (Tx Bar No. 00789065)
JON A. VAN STEENIS (La. Bar No. 27122)*
P.O. Box 5350
Covington, Louisiana 70434-5030
Telephone: 985/871-0800
Facsimile: 985/871-0899
Attorneys for National Union Fire Insurance
Company of Pittsburgh, Pennsylvania
*Admission to S.D.Tex pro hac vice requested

**SERVICE INSTRUCTIONS ON NEXT PAGE**

**PLEASE SERVE:**
Magellan Terminals Holdings, LP
Through its registered agent for
　　service of process
CT Corporation System
350 N. St. Paul Street, Suite 2900
Dallas, Texas 75201-4234